UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

ADAM SINGLETON, JR.,

    Plaintiff,

v.

LOWE'S HOME CENTERS, LLC
and GREENWORKS HOLDING, INC.,

    Defendants.

Case No.: 2:23-cv-5757-BHH

## COMPLAINT

**COMES NOW** the Plaintiff, ADAM SINGLETON, JR., to sue the Defendants, LOWE'S HOME CENTERS, LLC and GREENWORKS HOLDING, INC., for the causes of action stated herein. In support thereof, Plaintiff states:

### THE PARTIES, JURISDICTION & VENUE

1. Plaintiff, Adam Singleton, Jr. ("Singleton"), is a South Carolina citizen, resident, and domiciliary.

2. Defendant, Lowe's Home Centers, LLC ("Lowe's"), is a North Carolina limited liability company with its principal place of business located in North Carolina. According to Lowe's business filings with the North Carolina Secretary of State, Lowe's members are Richard J. Goodman, David R. Green, Dan C. Griggs, Ryan P. Grimsland, Beth R. MacDonald, and Gary White, all of whom are North Carolina citizens, residents, and domiciliaries.

3. Lowe's may be served with process by serving its registered agent: Corporation Service Company, 508 Meeting Street, West Columbia, SC 29169.

4.     Defendant, Greenworks Holding, Inc. ("Greenworks"), is a North Carolina corporation with its principal place of business located in North Carolina.

5.     Greenworks may be served with process by serving its registered agent: David Pelichet, 500 S. Main Street, Suite 450, Mooresville, NC 28115.

6.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because the parties are completely diverse and the amount in controversy exceeds $75,000, exclusive of fees, costs, and interest.

7.     This Court is authorized to exercise personal jurisdiction over Lowe's pursuant to S.C. Code Ann. §§ 36-2-802 and 36-2-803 because the causes of action stated herein arise out of and directly relate to Lowe's:

   a.   Doing business in South Carolina;

   b.   Transacting business in South Carolina;

   c.   Contracting to supply services or things in South Carolina;

   d.   Committing a tortious act in whole or in part in South Carolina;

   e.   Causing tortious injury in South Carolina by committing an act or omission outside South Carolina where Lowe's regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in South Carolina; and

   f.   Producing, manufacturing, or distributing goods with the reasonable expectation that those goods are to be used or consumed in South Carolina and are so used and consumed.

8.     This Court is authorized to exercise personal jurisdiction over Greenworks pursuant to S.C. Code Ann. § 36-2-803 because the causes of action stated herein arise out of and directly relate to Greenworks:

    a.    Doing business in South Carolina;

    b.    Transacting business in South Carolina;

    c.    Contracting to supply services or things in South Carolina;

    d.    Committing a tortious act in whole or in part in South Carolina;

    e.    Causing tortious injury in South Carolina by committing an act or omission outside South Carolina where Lowe's regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in South Carolina; and

    f.    Producing, manufacturing, or distributing goods with the reasonable expectation that those goods are to be used or consumed in South Carolina and are so used and consumed.

9. Venue is proper in this Court because a substantial part of the events or omissions giving rise to the causes of action stated herein occurred in Walterboro, Colleton County, South Carolina.

## FACTS

10. Lowe's is in the business of and derives substantial revenue from owning and operating a nationwide chain of retail stores through which it sells and distributes outdoor power equipment and tools, including pressure washers.

11. Greenworks is in the business of and derives substantial revenue from designing, manufacturing, producing, importing, supplying, distributing, and selling outdoor power equipment and tools, including pressure washers.

12. Greenworks supplies its pressure washers to Lowe's and Lowe's sells Greenworks' pressure washers at Lowe's retail stores in South Carolina.

13. On April 23, 2023, Singleton was injured while using a "Greenworks" model GPW 1803 1800 psi pressure washer bearing serial number GWY2730264 and manufacturing date 9/30/19 (hereinafter, the "subject pressure washer").

14. Lowe's sold the subject pressure washer.

15. Greenworks designed, manufactured, produced, and imported the subject pressure washer and distributed the subject pressure washer to Lowe's for retail sale.

16. Lowe's and Greenworks advertised, promoted, and intended for the subject pressure washer to be used to clean boats, cars, trucks, motorcycles, outdoor furniture, grills, house siding, driveways, patios, and decks.

17. On April 23, 2023, Singleton was using the subject pressure washer to clean his car.

18. While Singleton was using the subject pressure washer, the spray gun connector suddenly separated from the pressure washer, causing the subject pressure washer's hose and other parts to violently blow off and strike Singleton in the head and face.

19. Singleton suffered severe and extensive injuries as a result, including loss of vision in his left eye, concussion, and migraines.

20. The subject pressure washer is defective in its design, manufacture, and warnings.

21. The subject pressure washer's defective condition renders the subject pressure washer unreasonably dangerous for its designed, intended, and foreseeable uses.

22. The subject pressure was defective and unreasonably dangerous when it left Lowe's and Greenworks' final possession, custody, and control, and the subject pressure washer remained substantially unchanged in its defective condition until the incident giving rise to this lawsuit.

23. No ordinary consumer would expect the subject pressure washer's spray gun connector to suddenly separate from the pressure washer during normal use, causing the subject pressure washer's hose and other parts to violently blow off and strike them in the head or face, and this possibility is not warned about on the subject pressure washer or in its owner's manual.

24. Additionally, safer and feasible alternative designs and methods of manufacturing existed at the time the subject pressure washer was designed, manufactured, and sold that would have eliminated the subject pressure washer's defective and unreasonably dangerous condition.

25. Because of the subject pressure washer's defective condition, on April 7, 2021, the U.S. Consumer Product Safety Commission ("CPSC") issued safety recall no. 21-105 for the subject pressure washer and over 1 million other defective Greenworks pressure washers like it.

26. According to the CPSC, the subject pressure washer is defective and unsafe because the pressure washer spray gun connector can separate from the pressure washer and allow the hose and other parts to strike and injure users, like it did to Singleton. The CPSC states that it received 15 total reports as of the date of the recall, 13 of which involved injuries and 7 of which required medical treatment for post-concussion injuries, broken bones, eye injuries, and mouth injuries. Because of the extent of the defect and risk of severe injury to consumers, the CPSC advised that consumers should immediately stop using the afflicted Greenworks pressure washers. *See* https://tinyurl.com/5c4ava32.

27. By law and based on industry standards and best practices, Lowe's and Greenworks were required to notify and warn users of the subject pressure washer, including Singleton, about this "stop use" recall and the associated risk of severe injury.

28. Unfortunately for Singleton, despite knowing about the subject pressure washer's recall and its defective and injurious condition, Lowe's and Greenworks failed to notify or warn

Singleton. As a result, Singleton never knew that the subject pressure washer was defective, dangerous, or subject to a safety recall.

29. Lowe's and Greenworks' failure to notify and warn Singleton about the safety recall or about the subject pressure washer's defective and injurious condition evinces a conscious and reckless disregard for the rights and safety of others.

30. Had Singleton known that the subject pressure washer was defective, dangerous, and subject to a safety recall, he would not have used it on the day of the incident and would not have suffered injury.

31. All conditions precedent to bringing the claims stated herein have been satisfied.

## COUNT I—STRICT LIABILITY
### (Against Lowe's)

32. Singleton re-alleges and incorporates paragraphs 1 through 31 of this Complaint as if fully stated herein.

33. Lowe's sold the subject pressure washer and is responsible for injecting the subject pressure washer into the stream of commerce.

34. The subject pressure washer is defective and unreasonably dangerous.

35. The subject pressure washer was defective and unreasonably dangerous at the time it left Lowe's final possession, custody, and control, and the subject pressure washer remained substantially unchanged in this condition until the incident giving rise to this lawsuit.

36. The subject pressure washer's defective and unreasonably dangerous condition actually and proximately caused Singleton's injuries and damages.

**WHEREFORE**, Plaintiff, ADAM SINGLETON, JR., demands judgment against Defendant, LOWE'S HOME CENTERS, LLC, for all injuries and damages sustained as a result of the incident giving rise to this action, whether already incurred or to be incurred in the future,

including all actual damages, consequential damages, economic damages, non-economic damages, mental anguish, emotional distress, pain and suffering, punitive damages, costs, pre-judgment interest, post-judgment interest, and for any such further relief as the Court deems appropriate.

## COUNT II—BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY
### (Against Lowe's)

37. Singleton re-alleges and incorporates paragraphs 1 through 31 of this Complaint as if fully stated herein.

38. The subject pressure washer is a good.

39. Lowe's is a merchant with respect to the subject pressure washer.

40. Lowe's sold the subject pressure washer.

41. When Lowe's sold the subject pressure washer, Lowe's impliedly warranted that the subject pressure washer was merchantable and free of defects, would pass without objection in the trade or under the contract description, was of fair average quality within the description, was fit for the ordinary purposes for which such goods are used, runs of even kind and quality within each unit and among all units involved, and was adequately contained, packaged, and labeled.

42. However, when Lowe's sold the subject pressure washer, the subject pressure washer was not merchantable, was defective and unreasonably dangerous, was unfit for its ordinary purposes, was of poor and substandard quality, and substantially departed from the quality expected of such a product.

43. Lowe's therefore breached the implied warranty of merchantability that accompanied its sale of the subject pressure washer.

44. Lowe's breach of the implied warranty of merchantability actually and proximately caused Singleton's injuries and damages.

**WHEREFORE**, Plaintiff, ADAM SINGLETON, JR., demands judgment against Defendant, LOWE'S HOME CENTERS, LLC, for all injuries and damages sustained as a result of the incident giving rise to this action, whether already incurred or to be incurred in the future, including all actual damages, consequential damages, economic damages, non-economic damages, mental anguish, emotional distress, pain and suffering, punitive damages, costs, pre-judgment interest, post-judgment interest, and for any such further relief as the Court deems appropriate.

## COUNT III—STRICT LIABILITY
### (Against Greenworks)

45. Singleton re-alleges and incorporates paragraphs 1 through 31 of this Complaint as if fully stated herein.

46. Greenworks designed, manufactured, produced, and imported the subject pressure washer, distributed the subject pressure washer to Lowe's for retail sale, and is otherwise responsible for injecting the subject pressure washer into the stream of commerce.

47. The subject pressure washer is defective and unreasonably dangerous.

48. The subject pressure washer was defective and unreasonably dangerous at the time it left Greenworks' final possession, custody, and control, and the subject pressure washer remained substantially unchanged in this condition until the incident giving rise to this lawsuit.

49. The subject pressure washer's defective and unreasonably dangerous condition actually and proximately caused Singleton's injuries and damages.

**WHEREFORE**, Plaintiff, ADAM SINGLETON, JR., demands judgment against Defendant, GREENWORKS HOLDING, INC., for all injuries and damages sustained as a result of the incident giving rise to this action, whether already incurred or to be incurred in the future, including all actual damages, consequential damages, economic damages, non-economic damages,

mental anguish, emotional distress, pain and suffering, punitive damages, costs, pre-judgment interest, post-judgment interest, and for any such further relief as the Court deems appropriate.

### COUNT IV—NEGLIGENCE
### (Against Greenworks)

50. Singleton re-alleges and incorporates paragraphs 1 through 31 of this Complaint as if fully stated herein.

51. Greenworks designed, manufactured, produced, and imported the subject pressure washer, distributed the subject pressure washer to Lowe's for retail sale, and is otherwise responsible for injecting the subject pressure washer into the stream of commerce.

52. Greenworks owed a duty to design, manufacture, produce, import, and distribute the subject pressure washer in a condition that was safe and not defective.

53. Greenworks owed a duty to provide adequate warnings and instructions with the subject pressure washer.

54. Greenworks owed a duty to comply with all laws, regulations, standards, and best practices when overseeing, administering, and performing its obligations under safety recall no. 21-105 and to do so in a non-negligent manner.

55. Greenworks breached the above duties.

56. Greenworks breaches of the above duties actually and proximately caused Singleton's injuries and damages.

**WHEREFORE**, Plaintiff, ADAM SINGLETON, JR., demands judgment against Defendant, GREENWORKS HOLDING, INC., for all injuries and damages sustained as a result of the incident giving rise to this action, whether already incurred or to be incurred in the future, including all actual damages, consequential damages, economic damages, non-economic damages,

mental anguish, emotional distress, pain and suffering, punitive damages, costs, pre-judgment interest, post-judgment interest, and for any such further relief as the Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff, ADAM SINGLETON, JR., hereby demands a trial by jury on all issues so triable.

Dated: November 10, 2023               Respectfully submitted,

/s/ *Alan Belcher*
Alan Belcher, Esq.
Federal Bar No. 9342
Morgan & Morgan
4401 Belle Oaks Drive, 3rd Floor
North Charleson, SC 29405
Telephone: (843) 973-5975
Email: abelcher@forthepeople.com

*Pro hac vice* to be filed:
Steven E. Nauman, Esq.
Florida Bar No. 106126
Morgan & Morgan
20 N. Orange Avenue, Suite 1600
Orlando, FL 32801
Telephone: (843) 973-5975
Email: snauman@forthepeople.com

*Attorneys for Plaintiff*